United States District Court Northern District of Illinois Eastern Division

Patricia Tate
v
Cook County Sheriff's Merit Board

Case Number

06CV4620
JUDGE SHADUR
MAGISTRATE JUDGE BROWN

Complaint

RECEIVED
AUG 25 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

On November 6, 2005, I filled out an application for a Deputy Sheriff position with the Cook County Sheriff Merit Board. On February 27, 2005, I received notice in the mail to come and take the written exam on Monday, March 14, 2005 at 10:00 am.

On March 14, 2005, I arrived at the testing center located 118 N. Clark, Chicago, IL, in room 885 at the County Building. There were two officers giving the test. These two officers asked for the letter with the test date and time on it, and your identification at the door before being seated. Once everyone were seated, the officers passed out the test and gave directions on the test, everyone began to take their test.

On April 24, 2005, I received notice in the mail stating that I passed the written exam and were eligible to take the Physical Ability Test. The Physical Ability Test was given Saturday, May 14, 2005 at 8:45 am. The test took place at Moraine Valley Community College, located at 10900 S. 88th Avenue in Palos Hills, IL, in building A- room A 101. With this notice, they sent me information on how we should dress for this test. It also had examples on these four exercise, theses exercises were **Queen Step, Hand Grip Strength, Push-ups, and the LSU Agility Obstacle Course.** This Package also included a <u>Release of Liabilities</u>, that I signed and had notarized, an <u>Applicant Medical Certification of Physical Fitness</u>, stating that I was physically cable of participation in the physical ability test, which my doctor signed and dated.

FILED
SEPTEMBER 8, 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT
MB

On May 14, 2005, applicants were asked to line up to show identification and have paper work ready so that the test can start. All the applicants were seated in this class room like setting to discuss how the test will be operated and to ask question, you may want ask, and to fill out your testing paper. As one of the instructor were going over each exercise, the instructor, first discuss the Queen Step Test, I had no questions, then the instructor explained the Hand Grip Strength Test. When the instructor explained the Hand Grip Strength Test, I asked the instructor if I squeeze the passing score on one hand, which is 51, what will I do for the other. The instructor explained to me that as long as you 1 on the other hand, you will pass that part of the exam. Then the instructor discuss and explained the Push-up test, I had no question. The last one had discuss and explained was the LSU Ability Obstacle Course. This test consist of running, squats, and hand touch. I asked the instructor about the hand touch, regarding that my right hand would not be able to touch the tag placed on the floor, and the instructor explained to me that as long as I touch the tag with either hand that I will pass that exam. The instructor explained that if you failed an exam, you will just have to signed off and try again later. After everyone asked questions about the test, the test was about to start.

The exam started. The first test was The Queen Step, this test consist stepping up and down an 16in step, while listening to a metronome player until your 3 minutes is up. I passed this exam. I went on to the next exam, which was the Hand Grip Strength Test. This test consist of squeezing a dynamometer up to 5 seconds to reach 51 or better. I passed that exam. My scores were 54 kilograms on the left and 19 kilogram on the right. The third test were the Push-up test. This consist of 17 consecutive push-up. I passed that exam. The last exam was the LSU Ability Obstacle Course. This exam of running, squats,

and hand touches within 30 seconds or less. The first attempt I failed. After failing the first attempt, I had to wait until the other applicants were finish with their testing to try for my second attempt. After all the applicant finish their Obstacle Course, the instructor called the people who did not pass the Obstacle Course for the second attempt, and I passed the second attempt. After this last test, I asked one of the officer what will be the next step, the officer stated that the next step will be an interview, and I should receive a letter within a week.

On May 28, 2005, I received a notice from Cook County Merit Board stating that I was disqualified because I failed the physical ability examination. On this same day, I called down to the Merit Board because I thought that they made a mistake. When I call the Merit Board, I spoke with an officer Hogan. I explained to him that I was Patricia Tate and I calling because I received a letter stating that I failed the test, but I passed. Officer Hogan put me on hold so he can look for my test sheet. When he came back he told me that I had failed the Hand Grip Strength Test. I then continue to explain to him that I did not fail any test, that's when he told me that the reason I did not pass is because I was unable two shoot a gun. I asked him why didn't anyone tell me that I fail the test if I failed it. I also explained to him that the instructor said that if we failed anything we will have to sign a paper, and I told him I never signed any paper. Officer Hogan told me that it was not his decision, if it was his decision, he would let me go to the next stage. Hogan Officer Hogan then went on asking me what kind of education background did I have to make small talk and the conversation ended. That is why I choose to report them to EEOC.

On June 1, 2005, I went to file a discrimination charge against Cook County Sheriff's Merit Board. On June 7, 2005, I was assigned to an investigation. His name is Joshua George. Mr. George and I stayed in touch every month. On November 15, 2005, I received a letter of Determination, stating that the EEOC did find that I was discriminated against. As days went by, Mr. George and I talked over the phone and he was explaining the letter and what it meant. He also explained to me that I had to present a figure to see will the Merit Board take the offer. He also explained to me that they put a CAP on how much I can ask for in damages. He stated that the CAP is three-hundred thousand. I made an offer for one-hundred fifty thousand and they (Cook County Sheriff's Merit Board) refuse my offer. That is why I am hear today filing a law suit against the Cook County Sheriff's Merit Board.

Patricia Tate
1442 N. Lotus
Chicago, IL 60651
(773) 622-5232
(773) 567-8090

Patricia Tate

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>210-2005-05568 |
|---|---|---|

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.)<br>Ms. Patricia M. Tate | Home Phone No. (Incl Area Code)<br>(773)-622-5232 | Date of Birth<br>09-08-1973 |
|---|---|---|

Street Address: 1442 North Lotus Chicago, IL 60651

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>COOK COUNTY SHERIFF'S MERIT BOARD | No. Employees<br>500 or More | Phone No.<br>(312) 603-0170 |
|---|---|---|

Street Address: 69 West Washington Street, Suite 1100, Chicago, IL 60602

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 05-26-2005 Latest: 05-26-2005
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. Around January 2005, I applied for a Deputy Sheriff position with Respondent. On March 14, 2005 I took and passed the written test. On May 14, 2005 I took and passed the physical ability examination and was told to wait for my interview date. On a letter dated May 26, 2005 Respondent informed me that I was disqualified for the position because I had failed to qualify on the physical ability examination. Respondent was aware of my disability since March 14, 2005 when I took the written test.

II. I believe that I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990.

RECEIVED EEOC
JUN 1 2005
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jun 01, 2005 — Patricia Tate
Date / Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison Street, Suite 2800
Chicago, IL 60661
(312) 353-2713
TTY (312) 353-2421
FAX (312) 353-4041

EEOC Charge Number: 210-2005-05568 & 210-2005-09033

Patricia Tate
1442 North Lotus
Chicago, IL 60651

Charging Party

v.

Cook County Sheriff's Merit Board
69 W. Washington St. Suite 1100
Chicago, IL 60602

Respondent

Cook County Sheriff's Office
Richard J. Daley Center
50 W. Washington St.
Chicago, IL 60602

Respondent

## DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulations, I issue the following determination on the merits of the subject charge filed under the Americans with Disabilities Act of 1990 (ADA).

The Respondents, herein collectively referred to as "Respondent," are employers within the meaning of the ADA and all requirements for coverage have been met.

Charging Party alleges that she was discriminated against because of her disability in that she passed all required tests, but was not allowed to continue in the hiring process, in violation of the ADA.

I have determined that the evidence obtained in the investigation establishes reasonable cause to believe that Respondent discriminated against Charging Party because of her disability as alleged, in violation of the ADA.

This determination is final. When the Commission finds that violations have occurred, it attempts to eliminate unlawful practices by informal methods of conciliation. Therefore, I invite the parties to join with the Commission in reaching a just resolution of this matter. Disclosure of information obtained by the Commission during the conciliation process will be made only in accordance with the Commission's Procedural Regulations (29 CFR Part 1601.26). If the Respondent wishes to accept this invitation to participate in conciliation efforts, it may do so at this time by proposing terms for a conciliation agreement; that proposal should be provided to

Page 2
Charge Number 210-2005-05568/09033

the Commission representative within 14 days of the date of this determination. The remedies for violations of the statutes we enforce are designed to make the identified victims whole and to provide corrective and preventive relief. These remedies may include, as appropriate, an agreement by the Respondent to not engage in unlawful employment practices, placement of identified victims in positions they would have held but for discriminatory actions, back pay, restoration of lost benefits, injunctive relief, compensatory and/or punitive damages, and notice to employees of the violation and the resolution of the claim.

Should the Respondent have further questions regarding the conciliation process or the conciliation terms it would like to propose, we encourage it to contact the assigned Commission representative. Should there be no response from the Respondent in 14 days, we may conclude that further conciliation efforts would be futile or nonproductive.

On Behalf of the Commission,

11/15/05
Date

John P. Rowe,
District Director

Enclosure



**U.S. Department of Justice**

Civil Rights Division

*Disability Rights Section - NYA*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*

June 5, 2006

DJ# 205-23-0

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Ms. Patricia M. Tate
1442 North Lotus
Chicago, Illinois 60651

    Re: EEOC Charge Against: Cook County Sheriff's Office
        EEOC No.: 210-2005-09033
        DJ#: 205-23-0

Dear Ms. Tate:

### NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

    It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

    You are hereby notified that conciliation on your case was unsuccessful by the EEOC. <u>You are further notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.</u>

    Therefore, if you wish to pursue this matter, you should consult an attorney at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1), referenced in Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

-2-

We are returning the files in this matter to EEOC's District Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please address your inquiry to:

John C. Hendrickson
Regional Attorney
Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 2800
Chicago, Illinois 60661

We are forwarding a copy of this Notice of Right to Sue to the Respondent in this case.

Sincerely,

Wan J. Kim
Assistant Attorney General

BY: _____
Allison J. Nichol
Deputy Chief
Disability Rights Section

cc:
Cook County Sheriff's Office