**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **PATRICIA TATE,** )<br>   **Plaintiff,** )<br> )<br>   v. )    No. 06-CV-4620<br> )<br>**COOK COUNTY SHERIFF'S MERIT BOARD** )<br>   **and** )    Judge Shadur<br> )    Magistrate Judge Brown<br>**SHERIFF OF COOK COUNTY,** )<br>**THOMAS J. DART** )<br>   **Defendants.** )<br> ) | |

**SECOND AMENDED COMPLAINT**

**NOW COMES THE PLAINTIFF, PATRICIA TATE** (hereinafter referred to as "Plaintiff", "Patricia", or "Ms. Tate") by and through her attorney, Patricia L. Deemer, **A.G. ORLOWSKY, LTD.** and complains of the Defendants, **COOK COUNTY SHERIFF'S MERIT BOARD** and **SHERIFF OF COOK COUNTY, THOMAS J. DART** , (hereinafter collectively referred to as "Sheriff" or "Defendants", or individually as "Board" and "Sheriff"), as follows:

**Jurisdiction and Venue**

1. This is an action arising under the laws of the United States, specifically, the Americans with Disabilities Act, 42 U.S.C § 12101 et seq. ("ADA").

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 (Section 1331 (a)(1), Title 28, United States Code because this case involves a federal question.

3. Plaintiff has complied with all jurisdictional prerequisites.

4. On June 1, 2005, Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights, which was presented to the Equal Employment Opportunity Commission

("EEOC") on June 1, 2005 and assigned EEOC numbers 210-2005-05568 & 210-2005-09033 (attached hereto as Exhibit 1).

5. On November 15, 2005, the EEOC issued its determination that there was reasonable cause to believe Defendants engaged in discrimination in violation of the ADA (attached as Exhibit 2).

6. On June 5, 2006, the United States Department of Justice ("DOJ") issued a Notice of Right to Sue within 90 Days to Plaintiff (attached as Exhibit 3); Plaintiff filed her pro se complaint on August 25, 2006.

7. Venue is appropriate in this district court under 28 U.S.C. § 1391(b) because the Defendants are located in this judicial district and the cause of action arose here.

## Parties

8. Plaintiff is a citizen of the United States and of the state of Illinois, residing at 1442 N. Lotus, Chicago, Illinois 60651.

9. Defendants are the COOK COUNTY SHERIFF'S MERIT BOARD and SHERIFF OF COOK COUNTY, THOMAS A. DART, whose offices are located in Cook County, Illinois and employ in excess of 500 employees.

## Plaintiff's Disability

10. Plaintiff was born without a right hand; her arm ends a few inches below her right elbow.

11. Plaintiff does not use a prosthesis.

12. Plaintiff is substantially limited in her life; examples include, but are not limited to the following: she cannot braid her daughter's hair, wash her own back, scratch her left arm, or cut a tomato without squashing it.

**Plaintiff's Application and Testing**

13. On November 6, 2004, plaintiff submitted an application for the position of Deputy Sheriff to Defendants.

14. On February 27, 2005, plaintiff received written notice in the mail to take the written exam on March 14, 2005 at 10 a.m. (attached as Exhibit 4).

15. On March 14, 2005, plaintiff arrived at the testing center located at the County Building, Room 885, 118 N. Clark, Chicago, Illinois.

16. The two officers administering the test examined plaintiff's identification and letter bearing the test date and time before seating her to take the test.

17. Plaintiff received written notification that she passed the written test on April 24, 2005 (attached as Exhibit 5). She was further notified that the Physical Ability Test would be administered on May 14, 2005 at 8:45 a.m. at Moraine Valley Community College, 10900 S. 88th Avenue, Palos Hills, Illinois (attached as Exhibit 6).

18. Along with the notice was information regarding how to dress for the test, (attached as Exhibit 7) along with descriptions of the components of the Physical Ability Test (Exhibits 8-11), a Release of Liabilities (Exhibit 12), and Applicant Medical Certification of Physical Fitness (Exhibit 13).

19. Plaintiff signed the Release of Liabilities in the presence of a notary who notarized the document.

20. Plaintiff's physician signed and dated the Medical Certification which stated that Plaintiff was physically capable of participating in the physical ability test.

21. On May 14, 2005, Plaintiff appeared at the testing facility at the appointed time with her identification and completed paperwork.

22. All applicants were seated in a classroom and the testing procedures were discussed.

23. A testing instructor explained the requirements of each of four tests, named as follows:

    a.    Queens College Step Test;

    b.    Hand Grip Strength Test;

    c.    Push up Test; and

    d.    LSU Ability Obstacle Course.

24. During the question and answer period following the explanation of each test, Plaintiff had no questions regarding either the Queens Step or Push Up tests.

25. Plaintiff passed each of these tests on her first attempt.

26. Plaintiff asked the instructor about the "hand touch" portion of the LSA Ability Test because she would be unable to touch the tag placed on the floor; the instructor indicated that as long as she touched the tag with either hand she would pass the exam.

27. Plaintiff successfully completed the LSA Ability Test on her second attempt.

28. Plaintiff asked the instructor about the requirements of the Hand Grip Test. The instructor told Plaintiff that as long as she scored at least 51 on one hand, she would pass the Hand Grip Test.

29. The description of the Hand Grip Test, attached hereto as Exhibit 9, bears the following language: "*Scoring* The applicant's score is the sum of the best trial for the right hand and the best trial for the left hand. To pass this test applicants must achieve a score of 51 kilograms."

30. Plaintiff scored a 54 on her left hand and a 19 using her right arm.

31. After the successful completion of all of her tests, plaintiff asked one of the officers what the next step would be.

4

32. The officer informed plaintiff that the next step was an interview, and that she should receive a letter within a week.

33. On May 28, 2005, Plaintiff received a letter from defendant Merit Board dated May 26, 2005, informing her that she "failed to qualify on the physical ability test" (letter attached hereto as Exhibit 14).

34. Upon receipt of this letter, believing that it was a mistake, Plaintiff telephoned the Merit Board and spoke with a person who identified himself as Officer Hogan.

35. Officer Hogan informed Plaintiff that she had failed the Hand Grip Strength Test.

36. Plaintiff explained to Officer Hogan that she did not fail the test.

37. Furthermore, Plaintiff informed Officer Hogan that she was told that she passed all the tests, and that the testing personnel had told the participants that if they failed any part of the test, they would be asked to sign a paper.

38. Plaintiff was not asked to sign anything acknowledging that she had failed any part of the test; to the contrary, she was informed that she passed each and every part of the test.

39. Officer Hogan told Plaintiff that she failed because she could not shoot a gun. He further told her that if it were his decision, he would permit her to continue in the hiring process.

40. Plaintiff's score sheet from the test was altered by Defendant's personnel by crossing out the circled "Pass" and circling "Fail", and crossing out the "19" score for the right hand with the notation "did not complete with right hand" (score sheet attached hereto as Exhibit 15).

41. Defendants continue to advertise for applicants for the position of Deputy Sheriff; applications were issued at four (4) locations on November 4, 2006 from 8:00 a.m. to 3:00 p.m. (online advertisement attached hereto as Exhibit 16).

5

42. The Sheriff website advertisement referenced above states that "applicants must be U.S. Citizens, be 21 years of age, have a high school diploma or equivalent G.E.D. from an accredited institution, have a valid driver's license and pass the required testing procedures." (Exhibit 16)

43. Plaintiff is a U.S. Citizen, is over 21 years of age, has a high school diploma, a valid driver's license, and as described herein, passed the required testing procedures.

## COUNT I – Disparate Treatment

44. Plaintiff repeats, realleges and incorporates by reference paragraphs 1-43 of this Complaint as though fully set forth herein.

45. Defendant is an employer within the meaning of 42 U.S.C. § 12111(5)(A).

46. Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12111 (8).

47. Defendants failed and refused to hire, or to permit Plaintiff to continue in the hiring process, because of her disability, or alternatively, because Defendants regarded Plaintiff as having a disability, in one or more of the following ways:

    a.    Although Plaintiff passed each of the four physical ability tests, Defendants altered her score sheet because she has only one hand by crossing out the circled "Pass" and circling "Fail", and crossing out the "19" score for the right hand, and adding the notation "did not complete with right hand".

    b.    Defendants did not follow their own written requirements for the test standards which clearly indicated that: "The applicant's score is the sum of the best trial for the right hand and the best trial for the left hand. To pass this test applicants must achieve a score of 51 kilograms." Plaintiff's score exceeded the minimum by 22 kilograms, because of her disability, Defendants applied a different standard.

6

    c.    Plaintiff could have performed the essential functions of the job with or without reasonable accommodation; Defendant failed and refused to engage in an interactive process, but rather, refused to hire Plaintiff or permit her to continue in the hiring process because of her disability.

48. Plaintiff suffered an adverse employment action in violation of the ADA due to Defendants' disparate treatment of her because of her disability.

49. The position remains open; Defendants continue to advertise for applicants; but for her disability, Plaintiff would have been permitted to continue in the hiring process.

50. Defendants engaged in discriminatory practices with reckless indifference in that they possessed the knowledge that they were acting in violation of federal law.

**WHEREFORE**, the Plaintiff, **PATRICIA TATE**, prays this Court:

1. for the entry of judgment in her favor and against Defendants **COOK COUNTY SHERIFF'S MERIT BOARD** and **SHERIFF OF COOK COUNTY, THOMAS J. DART** ;

2. declare that the acts and practices complained of herein are in violation of the ADA;

3. to order Defendants to hire Plaintiff, or alternatively, award her front pay for a reasonable period of time;

4. to order Defendants to pay Plaintiff back pay from the time Defendants disqualified her application for employment because of her disability (May 26, 2005) through the date of the entry of judgment, including all salary, benefits, and accrued interest thereon;

5. to award Plaintiff compensatory damages for future pecuniary losses, emotional pain and suffering, and inconvenience;

6. to award punitive damages in an amount to be determined at trial;

7. to award Plaintiff's costs and attorney's fees; and

8. to award Plaintiff such other and further relief as this Court deems appropriate.

## COUNT II – Disparate Impact

51. Plaintiff repeats, realleges and incorporates by reference paragraphs 1-50 of this Complaint as though fully set forth herein.

52. Defendant is an employer within the meaning of 42 U.S.C. § 12111(5)(A).

53. Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12111 (8).

54. Defendants failed and refused to hire, or to permit Plaintiff to continue in the hiring process, because of her disability, or alternatively, because Defendants regarded Plaintiff as having a disability, in one or more of the following ways:

    d. Although Plaintiff passed each of the four physical ability tests, Defendants altered her score sheet because she has only one hand by crossing out the circled "Pass" and circling "Fail", and crossing out the "19" score for the right hand, and adding the notation "did not complete with right hand".

    e. Defendants did not follow their own written requirements for the test standards which clearly indicated that: "The applicant's score is the sum of the best trial for the right hand and the best trial for the left hand. To pass this test applicants must achieve a score of 51 kilograms." Plaintiff's score exceeded the minimum by 22 kilograms, because of her disability, Defendants applied a different standard.

    f. Plaintiff could have performed the essential functions of the job with or without reasonable accommodation; Defendant failed and refused to engage in an

interactive process, but rather, refused to hire Plaintiff or permit her to continue in the hiring process because of her disability.

55. Plaintiff suffered an adverse employment action because of her disability due to the disparate impact of Defendants' employment practices.

56. The position remains open; Defendants continue to advertise for applicants; but for her disability, Plaintiff would have been permitted to continue in the hiring process.

57. Defendants engaged in discriminatory practices with reckless indifference in that they possessed the knowledge that they were acting in violation of federal law.

**WHEREFORE**, the Plaintiff, **PATRICIA TATE**, prays this Court:

1. for the entry of judgment in her favor and against Defendants **COOK COUNTY SHERIFF'S MERIT BOARD** and **SHERIFF OF COOK COUNTY, THOMAS J. DART** ;

2. declare that the acts and practices complained of herein are in violation of the ADA;

3. to order Defendants to hire Plaintiff, or alternatively, award her front pay for a reasonable period of time;

4. to order Defendants to pay Plaintiff back pay from the time Defendants disqualified her application for employment because of her disability (May 26, 2005) through the date of the entry of judgment, including all salary, benefits, and accrued interest thereon;

5. to award Plaintiff compensatory damages for future pecuniary losses, emotional pain and suffering, and inconvenience;

6. to award punitive damages in an amount to be determined at trial;

7. to award Plaintiff's costs and attorney's fees; and

8. to award Plaintiff such other and further relief as this Court deems appropriate.

## **COUNT III – Failure to Accommodate**

58. Plaintiff repeats, realleges and incorporates by reference paragraphs 1-57 of this Complaint as though fully set forth herein.

59. Defendant is an employer within the meaning of 42 U.S.C. § 12111(5)(A).

60. Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12111 (8).

61. Defendants failed and refused to hire, or to permit Plaintiff to continue in the hiring process, because of her disability, or alternatively, because Defendants regarded Plaintiff as having a disability, in one or more of the following ways:

   a. Although Plaintiff passed each of the four physical ability tests, Defendants altered her score sheet because she has only one hand by crossing out the circled "Pass" and circling "Fail", and crossing out the "19" score for the right hand, and adding the notation "did not complete with right hand".

   b. Defendants did not follow their own written requirements for the test standards which clearly indicated that: "The applicant's score is the sum of the best trial for the right hand and the best trial for the left hand. To pass this test applicants must achieve a score of 51 kilograms." Plaintiff's score exceeded the minimum by 22 kilograms, because of her disability, Defendants applied a different standard.

   c. Plaintiff could have performed the essential functions of the job with or without reasonable accommodation; Defendant failed and refused to engage in an interactive process, but rather, refused to hire Plaintiff or permit her to continue in the hiring process because of her disability.

10

62. Plaintiff suffered an adverse employment action because of her disability due to the Defendants' failure and refusal to make reasonable accommodation(s).

63. The position remains open; Defendants continue to advertise for applicants; but for her disability, Plaintiff would have been permitted to continue in the hiring process.

64. Defendants engaged in discriminatory practices with reckless indifference in that they possessed the knowledge that they were acting in violation of federal law.

**WHEREFORE**, the Plaintiff, **PATRICIA TATE**, prays this Court:

1. for the entry of judgment in her favor and against Defendants **COOK COUNTY SHERIFF'S MERIT BOARD** and **SHERIFF OF COOK COUNTY, THOMAS J. DART** ;

2. declare that the acts and practices complained of herein are in violation of the ADA;

3. to order Defendants to hire Plaintiff, or alternatively, award her front pay for a reasonable period of time;

4. to order Defendants to pay Plaintiff back pay from the time Defendants disqualified her application for employment because of her disability (May 26, 2005) through the date of the entry of judgment, including all salary, benefits, and accrued interest thereon;

5. to award Plaintiff compensatory damages for future pecuniary losses, emotional pain and suffering, and inconvenience;

6. to award punitive damages in an amount to be determined at trial;

7. to award Plaintiff's costs and attorney's fees; and

8. to award Plaintiff such other and further relief as this Court deems appropriate.

65. Plaintiff is the sole and absolute owner of these claims against the defendant and has made no transfer or assignment of any part thereof.

66. Plaintiff hereby demands trial by jury on all counts.

        Respectfully submitted,
        **PATRICIA TATE**, Plaintiff

        By:  s/Patricia L. Deemer_____
        Attorney for Plaintiff

Patricia L. Deemer
A.G. ORLOWSKY, LTD.
630 Dundee Road, Suite 125
Northbrook, IL 60062
847/291-9771
Facsimile: 847/291-9774

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **PATRICIA TATE,** | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | No. 06-CV-4620 |
| | ) | |
| **COOK COUNTY SHERIFF'S MERIT BOARD** | ) | |
|     and | ) | Judge Shadur |
| | ) | Magistrate Judge Brown |
| **SHERIFF OF COOK COUNTY,** | ) | |
| **THOMAS A. DART** | ) | |
|     Defendants. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

**I,** Patricia L. Deemer**,** an attorney, do hereby certify that **Patricia Tate's SECOND AMENEDED COMPLAINT** has been filed using the Clerk's ECF filing system and was served pursuant to the District Court's ECF system as to ECF filers on June 26, 2007.

Steven L. Satter<br>
Cook County State's Attorney's Office<br>
500 Richard J. Daley Center<br>
Chicago, IL 60602

In addition, Summons and a copy of this Second Amended Complaint have been served upon Defendant Sheriff of Cook County, Thomas J. Dart, via certified mail, return receipt requested c/o Peter Kramer, Attorney, Richard J. Daley Center, Room 704, Chicago, IL 60602.

                                                                   *s/Patricia L. Deemer*_____
                                                                   **PATRICIA L. DEEMER**
                                                                    One of Plaintiff's Attorneys

Patricia L. Deemer
A.G. ORLOWSKY, LTD.
630 Dundee Road, Suite 125
Northbrook, IL 60062
847/291-9771
Facsimile: 847/291-9774