```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

PATRICIA TATE,                    )
                                  )
            Plaintiff,            )
                                  )
    v.                            )    No.  06 C 4620
                                  )
COOK COUNTY SHERIFF'S MERIT BOARD,)
et al.,                           )
                                  )
            Defendants.           )

<u>MEMORANDUM ORDER</u>

During this morning's status hearing in this action, this Court granted the motion of Sheriff Tom Dart for his dismissal as a defendant on the ground that all decisions involving the certification of Sheriff's deputies for possible hiring are the responsibility not of the Sheriff himself but of the Cook County Sheriff's Merit Board ("Board")--see 55 ILCS 5/3-7008.[1]  When this Court then turned to an inquiry as to the posture of the remaining defendants, the Assistant State's Attorney Steven Satter--representing the members of the Board--announced that he planned to move for their dismissal.

In fact those individual members had recently been named by the appointed counsel for plaintiff Patricia Tate ("Tate") as defendants in place of the Board via an amendment to the Second Amended Complaint, based entirely on the same defense counsel's having moved for dismissal of the Board as an assertedly

---

[1] Further citations to the relevant statutes will simply take the form "Section --," omitting the prefatory "55 ILCS 5/3."

nonsuable entity. At that time Tate's counsel and this Court had taken defense counsel at his word on the premise that the regular handling of such matters by the State's Attorney's office meant that counsel knew whereof he spoke, so that the motion to dismiss was granted at the time of presentment with the expectation that the Board members would be substituted in the Board's place.

When this Court, having been told of the anticipated motion to dismiss the Board members, asked whether that meant the Board should be reinstated as the proper defendant, the Assistant State's Attorney took a combative stance, asserting that neither the Board nor its members was or were the proper defendant or defendants in this action, but refusing to state the identity of whom he viewed to be the proper target of Tate's employment discrimination lawsuit. And when no satisfactory response on that score was forthcoming, this Court granted counsel until October 12 to file the promised motion to dismiss, but with the obligation to identify at the same time the proper party or parties defendant.

After this morning's status hearing, this Court--no longer prepared to trust defense counsel's representations--turned to the books. In that respect counsel's earlier motion to dismiss the Board as an assertedly nonsuable entity had cited two earlier District Court opinions: Mayes v. Elrod, 470 F.Supp. 1188, 1192 (N.D. Ill. 1979) and Shannon v. Cook County Sheriff's Merit

2

Board, No. 97 C 6910, 1998 U.S. Dist. LEXIS 4859, at *10 n.7 (N.D. Ill. Apr. 10), which relied on Mayes. But Illinois law is of course what the Illinois courts say it is, not what federal courts may say--and in any event Mayes did not really support counsel's position, for there this Court's distinguished colleague the late Judge Prentice Marshall spoke not of the Board but of other defendants that clearly lacked entity status--one a subdivision of the Sheriff's Office, and the other the Cook County Board of Commissioners, which Judge Marshall found to be coextensive with Cook County itself (also a defendant there).[2]

It took this Court no more than about three minutes' research[3] to turn up a host of Illinois Appellate Court cases in which the Board was a party actively litigating employment matters within its jurisdiction--matters in which it was represented by the Cook County State's Attorney without a whisper to suggest that it was nonsuable: Mitchem v. Cook County Sheriff's Merit Board, 196 Ill.App.3d 528, 554 N.E.2d 331 (1st Dist. 1990); Russell v. Cook County Sheriff's Merit Board, 196 Ill.App.3d 742, 554 N.E.2d 341 (1st Dist. 1990); Gunia v. Cook County Sheriff's Merit Board, 211 Ill.App.3d 761, 570 N.E.2d 653

---

[2] To the extent that the footnote in Shannon relied on Mayes, it did not reflect a studied consideration of the controlling state court decisions that are referred to hereafter.

[3] "Research" is an overstatement. In fact, the search involved nothing more than looking at the Notes of Decisions following Section 7012.

3

(1st Dist. 1991); Campbell v. Cook County Sheriff's Merit Board, 215 Ill.App.3d 868, 576 N.E.2d 90 (1st Dist. 1991); Magett v. Cook County Sheriff's Merit Board, 282 Ill.App.3d 282, 669 N.E.2d 616 (1st Dist. 1996); and Piecuch v. Cook County Sheriff's Merit Board, 312 Ill.App.3d 78, 726 N.E.2d 22 (1st Dist. 2000). And that is scarcely surprising in light of the statutory structure in which Section 7001 identifies the Cook County Police Department as a division maintained by the Sheriff (the hallmark of nonsuability because the Department is thus not a separate legal entity), while in sharp contrast the statute relevant here--Section 7002--begins by stating "There is created the Cook County Sheriff's Merit Board, hereinafter called the Board"--with that locution and all of the following language in that and the ensuing statutory sections being totally consistent with the notion that the Board is indeed a separate suable entity as established by the Illinois General Assembly.

This Court has made no effort to be exhaustive in searching out cases to demonstrate the poverty of the assertion that has been advanced by the Assistant State's Attorney handling this case. What has been said to this point certainly appears to call for the rejection of counsel's obstructionist refusal to acknowledge the Board's suability. This Court awaits counsel's motion for dismissal of the individual Board members (an action that, it will be remembered, was taken in earlier reliance on

4

counsel's representation as to the Board's nonsuability), with the full expectation that counsel will then be prepared to speak to the issue of the proper defendant with full authority from the superiors in his office.

                                           _____
                                           Milton I. Shadur
                                           Senior United States District Judge

Date:  October 5, 2007